Citation Nr: AXXXXXXXX
Decision Date: 06/30/21 Archive Date: 06/30/21

DOCKET NO. 201112-121674
DATE: June 30, 2021

REMANDED

Payment or reimbursement of medical expenses incurred on July 5, 2019, at the Medical Center at Albany (MCA) is remanded.

REASONS FOR REMAND

The Veteran served on active duty from November 1966 to September 1968. This appeal is before the Board of Veterans' Appeals (Board) from an October 2020 decision of the Department of Veterans Affairs (VA) Veterans Health Administration, which constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. See 38 C.F.R. § 3.2400(a)(1).

The Veteran seeks reimbursement for treatment received at the MCA emergency room on July 5, 2019, for a finger laceration. The agency of original jurisdiction (AOJ), as reflected in its October 2020 decision, denied the Veteran's claim on the basis that it was filed outside of the 180-day timely filing limitation for claims made pursuant to 38 U.S.C. § 1703. See 38 U.S.C. § 1703D(b). A claim form for the expenses in question is dated in May 2020.

Although the treatment in question was for an apparent medical emergency, the AOJ did not consider the Veteran's claim under the statutes governing reimbursement of expenses for non-VA emergency treatmentspecifically 38 U.S.C. § 1728.

In the absence of prior appropriate authorization, under 38 U.S.C. § 1728, a Veteran who has a total disability, permanent in nature, resulting from a service-connected disability is entitled to payment or reimbursement of unauthorized medical expenses incurred at a non-VA facility when it is also shown that (1) the services were rendered in a medical emergency of such nature that delay would have been hazardous to life or health, and (2) no VA or other Federal facilities were feasibly available and an attempt to use them beforehand would not have been reasonable. 38 U.S.C. § 1728; 38 C.F.R. § 17.120. The provisions of 38 U.S.C. § 1728 are implemented under 38 C.F.R. §§ 17.120-32. 

A claim for payment or reimbursement under 38 U.S.C. § 1728 must be filed within two years of the date the care or services were rendered. See 38 C.F.R. § 17.126.

The record reflects that the Veteran has a service-connected disability of myocardial infarction with ventricular tachycardia, rated 100 percent, effective August 22, 2018; as reflected in the November 2018 rating decision awarding service connection for this disability, VA considers it a total service-connected disability, permanent in nature. Therefore, the medical reimbursement claim on appeal should have been considered by the AOJ under the provisions of 38 U.S.C. § 1728, pursuant to which the Veteran's claim was timely.

The Board may remand for correction of any error by the AOJ in satisfying a regulatory or statutory duty, if correction of the error would have a reasonable possibility of aiding in substantiating the appellant's claim. 38 C.F.R. § 20.802.

Here, the AOJ did not properly consider the Veteran's claim under the provisions of 38 U.S.C. § 1728, or correctly identify the applicable law and regulations in the October 2020 notice of denial. See 38 U.S.C. §§ 511(a), 5104(b). As correction of this error by the AOJ in satisfying its regulatory and statutory duties would have at least a reasonable possibility of aiding in substantiating the medical reimbursement claim on appeal, the appeal must be remanded for the AOJ to properly adjudicate the Veteran's claim under the provisions of 38 U.S.C. § 1728.

The matter is REMANDED for the following action:

Adjudicate the Veteran's claim for payment or reimbursement of medical expenses incurred on July 5, 2019, at MCA, under the provisions of 38 U.S.C. § 1728 and 38 C.F.R. §§ 38 C.F.R. §§ 17.120-32, governing reimbursement of expenses for non-VA emergency treatment of Veterans with a total disability, permanent in nature, resulting from a service-connected disability.

 

 

JONATHAN B. KRAMER

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Andrew Mack, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.